UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHA LEASER, et al., individually, and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>PRIME ASCOT, L.P, et al.,<br><br>    Defendants. | No. Case No. 2:20-CV-02502-DJC-AC<br><br>ORDER TO SHOW CAUSE |

    Plaintiffs filed this proposed class action in San Francisco Superior Court on May 5, 2018, which was transferred to the Solano County Superior Court. Defendants subsequently removed the case to this Court on December 17, 2020. Although the claims arise entirely under state law, and there is not complete diversity between the parties, the case was removed pursuant to the Class Action Fairness Act ("CAFA"), which grants federal district courts original jurisdiction over class claims in which there is minimal diversity, the number of proposed class members exceeds 100, and the amount in controversy exceeds $5,000,000. 28 U.S.C. §1332(d)(2), (d)(5)(B). Defendants established these requirements were met upon removing the action.

    However, the CAFA contains two exceptions under which the court "shall decline to exercise jurisdiction" otherwise permitted by section 1332(d)(2) known as

1

1 | the "local controversy" and "home-state controversy" exceptions.  28 U.S.C.
2 | § 1332(d)(4); *see Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir.
3 | 2011); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007) (". . .
4 | § 1332(d)(4) sets out two circumstances that require district courts to decline
5 | jurisdiction . . . ."). The exceptions "exist[] to ensure that 'a truly local controversy'. . .
6 | remains in state court." *Mason v. Lockwood, Andrews & Newnam*, P.C., 842 F.3d 383,
7 | 397 (6th Cir. 2016) (quoting S. Rep. No. 109-14, 39 (2005), reprinted in 2005
8 | U.S.C.C.A.N. 3, 38).  The local controversy exception arises where more than two-
9 | thirds of the proposed class members, and at least one defendant from whom
10 | significant relief is sought and whose conduct forms a significant basis for the claims,
11 | are citizens of the state in which the action was originally filed, the principal injuries
12 | were incurred in that state, and no class action against the defendant alleging similar
13 | facts has been filed in the preceding three years.  28 U.S.C. §1332 (d)(4)(A).  The
14 | home-state controversy exception is met where two-thirds of the proposed class and
15 | the primary defendants are citizens of the state in which the action was originally filed.
16 | 28 U.S.C. §1332 (d)(4)(B).
17 |     Upon review of the record, it appears that either of these exceptions may be
18 | applicable to this action, and that the Court may therefore lack subject matter
19 | jurisdiction over this case.  "If at any time before final judgment it appears that the
20 | district court lacks subject matter jurisdiction, the case shall be remanded . . . ." See
21 | 28 U.S.C. § 1447(c).
22 | ////
23 | ////
24 | ////
25 | ////
26 | ////
27 | ////
28 | ////

Accordingly, the Court HEREBY ORDERS the Parties to show cause why this case should not be remanded to Solano County Superior Court for lack of jurisdiction. The Parties must file any pleadings related to this order within 30 days of the entry of this order.

IT IS SO ORDERED.

Dated: __**August 31, 2023**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 20-cv-02502.osc