UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEASER et al., | No. 2:20-cv-02502-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| PRIME ASCOT, L.P. et al., | |
| Defendants. | |

Pending before the Court is Defendants Prime Ascot L.P., Prime Ascot Acquisition, LLC, Prime/Park LaBrea Titleholder, LLC, and Prime Administration, LLCs' Motion for Judgment on the Pleadings. Defendants argue that three of the Defendants—Prime Ascot Acquisition, LLC; Prime/Park LaBrea Titleholder, LLC—and Prime Administration, LLC should be subject to Delaware law on the issue of alter ego liability. Defendants also bring a Motion for Partial Summary Judgment. Plaintiffs oppose both Motions. For the reasons discussed below the Court GRANTS the Motion for Judgment on the Pleadings with leave to amend and DENIES the Motion for Partial Summary Judgment without prejudice.

////

////

1

### I.  Background

The factual and procedural backgrounds are largely known to the parties. However, the Court will briefly summarize the motions submitted by the parties and the relevant holdings as they pertain to the issue of alter ego liability.

Plaintiffs brought the present suit as a putative class action against Defendants on behalf of three classes of plaintiffs.  The suit was originally filed in California Superior Court, Solano County, and was removed to this Court on December 17, 2020. (ECF No. 1).  The Court denied the Defendants' first motion to dismiss the First Amended Complaint.  (ECF No. 26).  On reconsideration, however, the Court found that Plaintiffs did not have standing to sue the owners and landlords of the properties managed by Prime Administration, and those Defendants were dismissed.  (ECF No. 34).  Plaintiffs then filed a Second Amended Complaint.  (ECF No. 37).  Defendants brought a Rule 12(f) motion to strike allegations in the Second Amended Complaint related to the now-dismissed landlords, arguing they were required parties under Rule 19.  (ECF No. 38).  The Court denied that motion and Defendants proceeded to bring a motion to dismiss the seventh and eighth causes of action under Rule 12(b)(7) and attempted to dismiss the Plaintiffs' alter ego and conspiracy claims under Rule 12(b)(6). (ECF No. 51).  Relevant to this Order, the Court held that Plaintiffs successfully stated a claim for relief under California law for a theory of alter ego liability. (July 11 Order (ECF No. 60).)  The Defendants now argue that Delaware law applies to the issue of alter ego liability as it pertains to the three Defendants incorporated in Delaware.  (Mot. (ECF No. 70).)  They claim that under Delaware law, Plaintiffs' allegations of alter ego liability fail.  Defendants also seek partial summary judgment as to several causes of action in Plaintiffs' complaint.  (PSJ (ECF No. 71).)

The Court has considered Plaintiffs opposition to both motions (Mot. Opp'n (ECF No. 83); MSJ Opp'n (ECF No. 84)) as well as Defendant's replies (Mot. Reply (ECF No. 85); MSJ Reply (ECF No. 86).)  The Court ordered the matter submitted without oral argument.  (ECF No. 93).

## II. Motion for Judgment on the Pleadings

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that,"[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *See Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, the allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). "[J]udgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States,* 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of L.A.,* 179 F.3d 698, 699 (9th Cir. 1999)).

### B. Discussion

Defendants' Motion argues that Delaware law, rather than California law, governs the issue of alter ego liability in this case, and that Plaintiffs have failed to satisfy the elements of an alter ego claim under Delaware law. Plaintiffs contend that Defendants' arguments fail on procedural and substantive grounds. Procedurally, Plaintiffs claim that Defendants are estopped, and/or have waived, arguments about choice of law and that Defendants' Motion is masquerading as an improper motion for reconsideration. Substantively, Plaintiffs state that California law should apply under the governmental interest test, but that even if Delaware law were to apply, Plaintiffs' allegations are sufficient. The Court will first address any procedural issues before discussing substantive arguments.

### 1. Procedural Arguments

#### i. Judicial Estoppel and Waiver

"The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt., LLC,* 149 F. Supp. 3d 1188, 1204 (E.D. Cal. 2015) (internal quotation marks and citations omitted). "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001) (citations omitted). The doctrine is intended "to protect against a litigant playing fast and loose with the courts by taking inconsistent positions." *U.S. v. Kim,* 806 F.3d 1161, 1167 (9th Cir. 2015) (internal quotation marks and citations omitted). Judicial estoppel may bar the assertion of inconsistent positions in the same litigation, or in two different cases. *See Hamilton,* 270 F.3d at 783 (citations omitted).

Courts may consider the following factors in determining whether judicial estoppel applies: "First, a party's later position must be 'clearly inconsistent' with its earlier position.*" New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citation omitted). Second, courts consider "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled.'" *Id.* (citation omitted). Third, courts consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. (citation omitted). Application of judicial estoppel is a matter of the district court's discretion. *Baughman v. Walt Disney World Co.,* 685 F.3d 1131, 1133 (9th Cir. 2012) (citing *New Hampshire*, 532 U.S. at 750).

////

Under the first factor, the party to be estopped must have taken a prior position that is clearly inconsistent with the position in question as possible; "indirect or implied inconsistency does not trigger the doctrine." 18 Moore's Federal Practice Civil § 134.30. The Ninth Circuit has held that a "threshold" inconsistency is not sufficient for judicial estoppel. *See General Signal Corp. v. MCI Telecommc'ns Corp.,* 66 F.3d 1500, 1505 (9th Cir. 1995) (finding that citation to California law in earlier motions and a delay in raising a choice of law issue before trial is not playing "fast and loose" with the court). Although the Court takes the Plaintiffs' argument that Defendants certainly seem to have taken the position that California law applies to the issue of alter ego liability – given the motions submitted based on exactly that – the specific issue of choice of law has not yet been raised, or ruled on, in this matter. *See DeRosa v. Nat'l Envelope Corp.,* 595 F.3d 99, 104 (2d Cir. 2010) (in determining whether to apply judicial estoppel the court considers "whether the statements can be reconciled, not whether a factfinder would necessarily adopt the interpretation which reconciles them.").

The Court observes that the cases cited by Defendants to support their argument that judicial estoppel does not apply are not on all fours with the facts of this case, even though they involve denying estoppel where there was a choice of law issue raised before trial. In *General Signal*, one party had cited to California law but "never specifically asserted as a legal argument that California law was applicable." 66 F.3d at 1505. The prior motions in that case "related to interpretation of federal procedural rules rather than state substantive law." *Id*. In *Radiation Sterilizer's Inc. v. U.S.*, the issue was about a "brief argument" in a prior motion stating that one state's law applied. 867 F. Supp. 1465, 1473 (E.D. Wash. 1994). Here, by contrast, Defendants' reliance on California law has been anything but "brief." Defendants submitted several motions over the span of this litigation discussing the substantive sufficiency of Plaintiffs' alter ego arguments under California law. Ultimately, however, given that Defendants never specifically argued that California law applied, it seems

5

there is only an "implied inconsistency" here with Defendants' positions, which does not meet the "clearly inconsistent" standard.

The second factor, which is often dispositive, looks at whether the party persuaded a court to accept its earlier position. *Baughman,* 685 F.3d at 1133. Here, the Court found for Plaintiffs on the issue of alter ego liability based on California law, as that is the substantive law to which the parties cited in their briefing. (*See generally* July 11 Order.) However, the Court never decided the choice of law issue and did not accept Defendants' position that the alter ego theory was inadequately pled. Further, this does not appear to be an instance where the Defendants "induce[d] their opponents to surrender", as there was no settlement where Plaintiffs relied on Defendants' false allegations or claims. *See id.* at 1134. Thus, this factor also appears to weigh in Defendants' favor.

Lastly, the Court considers whether the party seeking to assert an inconsistent position will derive an unfair advantage or if the opposing party will suffer an unfair detriment. Here, the Court expresses concern with the "war of attrition" Defendants appear to have been engaged in throughout the course of this litigation. Defendants have filed several motions bringing up issues that, while not frivolous, could (and should) have been brought to the Court's attention at an earlier time. As for the instant Motion, the Defendants have offered no explanation as to why they delayed raising a choice of law issue such that estoppel could have been denied based on mistake or inadvertence. *See New Hampshire,* 532 U.S. at 753 ("We do not question that it may be appropriate to resist application of judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'"). The Court also recognizes the disadvantages that Plaintiffs face in having to oppose the Defendants' ongoing motions, and the costs associated with that effort. Accordingly, this factor weighs somewhat in favor of Plaintiffs.

////

////

6

Taking these considerations together, however, and particularly noting that this Court has not yet ruled on the issue of applicable law, the Court finds that judicial estoppel is not appropriate in this instance.[1]

### ii. Improper Motion for Reconsideration

Plaintiffs also argue that the instant Motion is merely an improper motion for reconsideration of the Court's previous order. In their Reply, Defendants contend that that the instant Motion raises a new issue, a ruling under Delaware law, not reconsideration of the Court's prior order. Although the Court agrees with the Plaintiffs that the Court already determined the sufficiency of their allegations as to alter ego liability under California law, here, the Defendants are arguing that Delaware law is the proper standard. Given that the choice of law argument is a new issue being raised, the Court finds that this is not an improper motion for reconsideration. *See MacRae v. HCR Manor Servs, LLC,* No. 8:14-cv-00715-DOC-RNB, 2017 WL 11480091, at *3 (C.D. Cal. Sept. 14, 2017) (rejecting the plaintiffs' argument that defendant waived its choice of law argument by failing to raise it in either of its prior two motions to dismiss).

### 2. Applicable Law

The Court will first determine which law applies to the alter ego liability analysis. Because jurisdiction here is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which is a diversity statute, this Court applies California's choice of law rules to determine whether Delaware or California law is applicable. *See Lefevre v. Five Star Quality Care, Inc.,* No. 5:15-cv-01305-VAP-SP, 2015 WL 13688460, at *2 n.1 (C.D. Cal. Dec. 11, 2015), aff'd, 705 F. App'x 622 (9th Cir. 2017) ("Given that CAFA relies on the diversity of the parties for removal, the Court applies the choice-of-law rules of the forum state."). "Where a statute dictates the choice-of-law, the court need not apply a

---

[1] To the extent that waiver extends beyond judicial estoppel, the Court finds that because the Court has not ruled on the issue of choice of law, the Defendants have not waived the argument. *See General Signal,* 66 F.3d at 1505 (rejecting an argument based on waiver where the district court had not yet ruled on the issue of choice of law).

7

common law choice-of-law analysis." *Wehlage v. EmpRes Healthcare Inc.,* 821 F. Supp. 2d 1122, 1128 (N.D. Cal. 2011) (citing *Barclays Discount Bank Ltd. v. Levy*, 743 F.2d 722, 725 (9th Cir. 1984)); Restatement (Second) of Conflict of Laws § 6(1) (1971) ("A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law."). Under California Corporations Code § 17708.01, "[t]he law of the state or other jurisdiction under which a foreign company is formed governs. . . . the liability of a member as a member and a manager as a manager for the debts, obligations, or other liabilities of the limited liability company." Cal. Corp. Code § 17708.01. This language "encompasses the determination of an LLC's alter ego liability." *Pro 49 Dev., LLC v. Ness Express 1, LLC,* No. 2:24-cv-01850-JAM-JDP, 2024 WL 4712389, at *2 (E.D. Cal. Nov. 7, 2024) (citing *MacRae,* 2017 WL 11480091, at *3). Thus, California federal courts apply the law of the state of incorporation in assessing the alter ego of an LLC. *See id.* at *2 (collecting cases)).

Here, three Defendants, including Defendant Prime Administration, LLC, are incorporated in Delaware, and therefore the Court applies Delaware law in its alter ego analysis to determine whether veil-piercing is appropriate. *See Pizana v. SanMedica Int'l,* 345 F.R.D. 469, 486 (E.D. Cal. 2022) ("[A]lthough plaintiff relied on California's substantive law to support his alter ego allegations [] California's law does not apply . . . Delaware's substantive law on alter ego liability applies to the Delaware defendants. . . ."); *Pro 49 Dev.,* 2024 WL 4712389, at *2 ("Because Ness is an LLC incorporated in Delaware, the Court applies Delaware law in its alter ego analysis."). The appropriate standard to assess alter ego liability of a corporation under Delaware law is (1) whether the entities in question operated as a single economic entity, and (2) whether there was an overall element of injustice or unfairness. *NetJets Aviation, Inc. v. LHC Commc'ns, LLC,* 537 F.3d 168, 177 (2d Cir. 2008) (citations omitted). Delaware's veil-piercing principles "are generally applicable as well where one of the entities in question is an LLC rather than a corporation." *Id.* at 178. The difference is

that "somewhat less emphasis is placed on whether the LLC observed internal formalities because fewer formalities are legally required." *Id.*

### i. Single Economic Entity

The "alter ego analysis must start with an examination of factors which reveal how the corporation operates and the particular defendant's relationship to that operation." *Id.* at 176–77. These factors include (1) whether the corporation was adequately capitalized for the corporate undertaking; (2) whether the corporation was solvent; (3) whether the dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities observed; (4) whether the dominant shareholder siphoned corporate funds; (5) and whether, in general, the corporation simply functioned as a façade for the dominant shareholder. *Id.* at 177. The Second Circuit has held that "some combination" of factors is required to cast aside the corporate entity. *Id.* (stating that "no single factor can justify" a decision to pierce the corporate veil).

### ii.

This Court has previously held that Plaintiffs' have sufficiently alleged that Defendants operated as a "mere shell or conduit" of Prime Administration. (July 11 Order at 8.) The allegations supporting this conclusion similarly support a finding that the LLC functioned as a façade. However, Plaintiffs have not made sufficient allegations as to any of the other factors listed in *NetJets*. This is not to say Plaintiffs cannot meet the other factors, but rather that the current allegations do not discuss the relevant criteria. Without allegations supporting any of the other factors, the Court must find that Plaintiffs have failed to satisfy the first element of the alter ego analysis. *See NetJets,* 537 F.3d at 177. **Element of Injustice or Unfairness**

Plaintiffs must also show the presence of "an overall element of injustice or unfairness." *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1458 (2d Cir. 1995). To satisfy this

element, "the claimed injustice must consist of more than merely the tort or breach of contract that is the basis of the plaintiff's lawsuit." *NetJets,* 537 F.3d at 183. "[A] Plaintiff must allege injustice or unfairness that is a result of an abuse of the corporate form" such that the corporation exists "as a sham or shell through which the parent company perpetrates injustice." *Nat'l Gear & Piston, Inc., v. Cummins Power Sys., LLC,* 975 F. Supp. 2d 392, 406 (S.D. N.Y. 2013) (citations omitted). This does not mean, however, that "there can be no overlap in the proof as to unity of ownership and the proof of unfairness." *NetJets,* 537 F.3d at 183. One district court in the Ninth Circuit considering the issue of the similarity between second prongs of both the California and Delaware tests has concluded that the second prong of each state's test is "materially identical." *Khoros, LLC v. Lenovo,* No. 3:20-cv-03399-WHO, 2020 WL 12655516, at *15 (N.D. Cal. Oct. 5, 2020) (collecting cases analyzing the similarity between the two prongs). In the July 11 Order, this Court found that the second element of the California analysis was plausibly alleged. (July 11 Order at 9 "[t]o the extent the Plaintiffs are able to prove their claims, it would be inequitable for Prime Administration to hide assets behind its alleged corporate shells or to avoid injunctive relief as to those entities."). Since the Court has already found that the Plaintiffs have satisfied the second element of alter ego liability under the California test, the Court will not revisit this issue.

However, because the first element of alter ego liability has not been satisfied, the Court finds that Plaintiffs have not plausibly alleged alter ego under Delaware law such that Prime Administration is the alter ego of the titleholding subsidiaries.

### 3. Leave to Amend

Although Federal Rule of Civil Procedure 12(c) does not mention leave to amend, courts retain the discretion to grant a Rule 12(c) motion with leave to amend. *See Gregg v. Hawaii Dept. of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017). The Court may deny leave to amend when doing so would be futile and the deficiencies in the complaint could not be cured by amendment. *Chandavong v. Fresno Deputy Sheriff's*

*Ass'n,* 599 F. Supp 3d 1017, 1020 (citation omitted).  Given that Defendants are now, for the first time, arguing that Delaware law should apply, the Court finds that leave to amend is proper.  Therefore, Plaintiffs' request to have leave to amend is GRANTED.

### III. Motion for Partial Summary Judgment

As discussed above, the Court GRANTS the Defendants' Motion for Judgment on the Pleadings.  Thus, the Court does not reach the Defendants' Motion for Partial Summary Judgment, as Plaintiffs requested leave to amend the operative Complaint.  The Court finds that addressing the Motion for Partial Summary Judgment would be premature at this point and DENIES the Motion without prejudice.

### IV. Conclusion

For the reasons above, the Court GRANTS the Defendants' Motion for Judgment on the Pleadings (ECF No. 70) with respect to finding that Plaintiffs have failed to allege alter ego liability under Delaware law.  However, Plaintiffs are granted leave to amend and refile their Complaint within 21 days.  The Court also DENIES the Motion for Partial Summary Judgment (ECF No. 71) without prejudice.

IT IS SO ORDERED.

Dated:  **May 6, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – LEASER20cv02502.JotP/PSJ