RICHARD R. PATCH (State Bar No. 88049)
MARK L. HEJINIAN (State Bar No. 281417)
DANIEL M. BRUGGEBREW (State Bar No. 307037)
EVAN CAMPBELL (State Bar No. 342223)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-rrp@cpdb.com
ef-mlh@cpdb.com
ef-dmb@cpdb.com
ef-egc@cpdb.com

Attorneys for Defendants
PRIME ASCOT, L.P.; PRIME ASCOT ACQUISITION, LLC; PRIME/PARK LABREA TITLEHOLDER, LLC; and PRIME ADMINISTRATION, LLC

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 • FAX 415.989.1663

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

NICHA LEASER, ATCHARA WONGSAROJ, KATINA MAGEE, and JOYCE EISMAN, individually, and on behalf of others similarly situated,

Plaintiffs,

v.

PRIME ASCOT, L.P., a California limited partnership; PRIME ASCOT ACQUISITION, LLC, a Delaware limited liability company; PRIME/PARK LABREA TITLEHOLDER, LLC, a Delaware limited liability company (originally sued as Doe 1); PRIME ADMINISTRATION, LLC, a Delaware limited liability company; and Does 31 through 50, inclusive,

Defendants.

Case No. 2:20-CV-02502-DJC-AC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

*[Filed concurrently with Notice of Motion and Motion; Declaration of Mark L. Hejinian; Declaration of Alex Tomasevic; and [Proposed] Order]*

Date: December 18, 2025
Time: 1:30 p.m.
Ctrm: Courtroom 7, 14th Floor

District Judge Daniel J. Calabretta

Trial Date: not set

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........ 1

STATEMENT OF FACTS ........ 3

I. PROCEDURAL AND FACTUAL BACKGROUND. ........ 3

II. THE PROPOSED SETTLEMENT. ........ 5

A. Defendants Will Establish A Late Fees Class Settlement Fund. ........ 5

B. The Plaintiff Class Secured Injunctive Relief That Caps Late Fees And Requires Defendants To Implement And Maintain Procedures To Prohibit Late Fees Soley On Unpaid Late Fees And To Comply With California Civil Code Section 1950.5. ........ 5

C. Class Representative Incentive Payment. ........ 6

D. Attorneys' Fees And Costs. ........ 6

E. Settlement Administration And Notice. ........ 7

ARGUMENT ........ 7

I. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT. ........ 7

A. The Applicable Legal Standard. ........ 8

B. This Settlement Is The Product of Serious, Informed, And Arm's-Length Negotiations. ........ 8

C. The Settlement Has No "Obvious Deficiencies" And Falls Well Within The Range Of Possible Approval. ........ 9

II. PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE. ........ 10

A. The Criteria For Class Certification Under Rule 23(a) Are Satisfied. ........ 11

1. Joinder Of All Members Is Impracticable. ........ 11

2. Common Issues Of Law And Fact Exist. ........ 12

3. The Named Plaintiff's Claims Are Typical Of Class Claims. ........ 13

4. The Named Plaintiffs And Their Counsel Adequately Represent The Proposed Class. ........ 14

B. The Proposed Settlement Class Meets The Requirements Of Rule 23(b)(3). ........ 14

i Case No. 2:20-CV-02502-DJC-AC
MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL

III. THE PROPOSED CLASS NOTICE SATISFIES THE REQUIREMENTS OF DUE PROCESS. ....16

A. The Method Of Notice Proposed Is Appropriate. ....16

B. The Contents Of The Proposed Notice Are Adequate. ....16

IV. SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE. ....17

CONCLUSION ....18

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

ii Case No. 2:20-CV-02502-DJC-AC
MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarado Partners, L.P. v. Mehta*,
723 F. Supp. 540 (D.C. Colo. 1989) .......... 11

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005) .......... 12, 14

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) .......... 12

*In re Bluetooth Headset Prod. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .......... 6

*Browning v. Yahoo! Inc.*,
2006 WL 3826714 (N.D.Cal. Dec. 27, 2006) .......... 11

*Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig)*,
213 F.3d 454 (9th Cir. 2000) .......... 8

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) .......... 12

*Evon v. Law Offices of Sidney Mickell*,
688 F.3d 1015 (9th Cir. 2012) .......... 14

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) .......... 14

*Immigrant Assistance Project of Los Angeles County Fed'n of Labor v. I.N.S.*,
306 F.3d 842 (9th Cir. 2002) .......... 12

*Jordan v. County of Los Angeles*,
669 F.2d 1311 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982) .......... 12, 13

*M. Berenson Co. v. Faneuil Hall Marketplace*,
671 F. Supp. 819 (D. Mass. 1987) .......... 8

*McClure v. State Farm Life Ins. Co.*,
341 F.R.D. 242 (D. Ariz. 2022) .......... 13

*In re Med. Cap. Sec. Litig.*,
No. SACV-09-1048 DOC, 2011 WL 5067208 (C.D. Cal. July 26, 2011) .......... 13

iii
Case No. 2:20-CV-02502-DJC-AC
MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL

*Parsons v. Ryan*,
754 F.3d 657 (9th Cir. 2014) ........ 13

*Rannis v. Recchia*,
380 F. App'x 646 (9th Cir. 2010) ........ 12

*Rodriguez v. West Publishing Corp.*,
563 F.3d 948 (9th Cir. 2009) ........ 16

*Ruiz Torres v. Mercer Canyons Inc.*,
835 F.3d 1125 (9th Cir. 2016) ........ 15, 16

*Tyson Foods, Inc. v. Bouaphakeo*,
577 U.S. 442 (2016) ........ 15

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ........ 12, 13

*Williams v. Costco Wholesale Corp.*,
No. O2CV2003 IEG (AJB), 2010 WL 761122 (S.D. Cal. Mar. 4, 2010) ........ 8

*Zepeda v. Paypal, Inc.*,
No. C 10-1668 SBA, 2015 WL 6746913, at *6 (N.D. Cal. Nov. 5, 2015) ........ 13

**Statutes & Rules**

Civ. Code § 1950.5 ........ *passim*

Fed. R. Civ. P.
23 ........ 7, 10
23(a) ........ 11, 13
23(a)(1) ........ 11
23(a)(2) ........ 12
23(a)(3) ........ 13
23(a)(4) ........ 14
23(b)(1), (b)(2) ........ 16
23(b)(3) ........ 14, 15
23(e) ........ 18
23(e)(1)(B) ........ 16

**Other Authorities**

Cal. Prac. Guide *Fed. Civ. Pro. Before Trial*, Ch. 10-C ........ 10

7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1763 (3d ed. 2005) ........ 12

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

*Manual for Complex Litig.*
§ 21.312 .......... 16, 17
§ 21.632 .......... 11
§ 21.633 .......... 11

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

v
Case No. 2:20-CV-02502-DJC-AC
MEMORANDUM OF POINTS AND AUTHORITIES ISO JOINT MOTION FOR SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**INTRODUCTION**

Plaintiffs NICHA LEASER ("Leaser"), ATCHARA WONGSAROJ ("Wongsaroj"), KATINA MAGEE ("Magee"), and JOYCE EISMAN ("Eisman"), individually, and on behalf of others similarly situated ("Plaintiffs") assert putative class claims arising out of their tenancies at Blue Rock Village and Park La Brea. The putative class seek an injunction and monetary damages against Defendants PRIME ASCOT, L.P.; PRIME ASCOT ACQUISITION, LLC; PRIME/PARK LABREA TITLEHOLDER, LLC; and PRIME ADMINISTRATION, LLC's ("Defendants") for (1) alleged breach of the warranty of habitability at Blue Rock Village (and other related claims) arising from alleged mouse infestation of Leaser and Wongsaroj's apartments; (2) for allegedly unlawful liquidated damages relating to a $75 late fee at Blue Rock Village and a different late fee at Park La Brea; (3) for allegedly unlawful liquidated damages when tenants decide to end their lease in the middle of the lease term and have selected an early termination fee option rather than to be liable for all damages incurred through the remainder of the lease term; and (4) for allegedly failing to comply with California's security deposit statute, California Civil Code section 1950.5.

Defendants deny these allegations, including any claim that they breached the warranty of habitability. Defendants further contend that no Plaintiff has a legally cognizable injury to support claims regarding improper late fees and early termination option fees, and that the early termination option fee constitutes a valid form of alternative performance. Defendants also maintain that they complied with the requirements of California Civil Code section 1950.5 with respect to security deposits.

The parties have engaged in extensive negotiations and reached a settlement that represents a fair compromise of their respective positions.

By this motion, Plaintiffs, on behalf of themselves and all others similarly situated, and Defendants jointly seek preliminary approval of the proposed settlement. Specifically, the parties seek an Order from the Court: (1) granting preliminary approval of the Settlement Agreement ("Settlement Agreement") (attached as Exhibit 1 to the Declaration of Mark L. Hejinian filed in support hereof; hereinafter "Hejinian Decl.") by way of a [Proposed] Order Re: Joint Application For Preliminary Approval of Class Action Settlement, attached as Exhibit 2 to the Hejinian Decl.;

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

(2) certifying the proposed settlement class for the purpose of determining whether the Settlement Agreement is fair, reasonable, and adequate; (3) approving the form of Notice of Pendency and Settlement of Class Action (the "Class Notice"), in substantially the form as attached as Exhibit 3 to the Hejinian Decl., and directing that the Notice be disseminated to class members; and (4) setting a formal fairness hearing on final settlement approval. A proposed Final Judgment is attached as Exhibit 4 to the Hejinian Decl.

Under the proposed settlement, the Parties agree to certify a Settlement Class consisting of all persons who were a resident of Blue Rock Village or Park La Brea and paid at least one late fee exceeding $55.00 between May 9, 2014, and February 18, 2025, and whose claims have not been extinguished, released, or waived. Defendants will create a settlement fund totaling $292,960.07 pay each settlement class member the amount of any late fee exceeding $55.00 paid between May 9, 2014, and February 18, 2025, less $55.00. Unpaid funds remaining in the settlement fund shall be submitted to the appropriate state or local unclaimed property funds in the name of the name of the class member. At no point will any of this fund revert back to Defendants.

The parties have also negotiated significant injunctive relief, subject to Court approval. Defendants will agree to be bound by a two-year injunction providing that Prime's late fee charge for any tenant of the Properties who fails to pay the rent, or any portion of the rent in excess of $55.00, timely shall not exceed $55.00 per monthly charge. After two years, Defendants agree to limit late fee increases by no more than an amount equal to the preceding annual increase in the Consumer Price Index ("CPI") as set forth by the U.S. Bureau of Labor Statistics in the month immediately preceding any such fee increase. Defendants will also implement and/or maintain procedures to prohibit the assessment of late fees solely on unpaid late fees, and to ensure compliance with California Civil Code section 1950.5 with respect to security deposits. Subject to the Court's approval, Defendants will also separately pay for the dissemination of notice to the Class, claims administration, for Plaintiffs' reasonable attorneys' fees and costs, Incentive Payment

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

of up to $10,000 for each Class Representative.[1]

Defendants, in turn, will receive a release from the Settlement Class of all claims relating to Defendants' late fee, early termination option fee, and security deposit practices at Blue Rock Village and Park La Brea. Separately, Plaintiffs Leaser and Wongsaroj are settling and releasing their habitability claims at Blue Rock Village. This proposed settlement is fair to all parties and should be preliminarily approved.

## STATEMENT OF FACTS

### I. PROCEDURAL AND FACTUAL BACKGROUND.

On about May 9, 2018, Plaintiffs Leaser and Wongsaroj, who had been tenants at Blue Rock Village, filed a Class Action Complaint in San Francisco County Superior Court against three Defendants, Prime Ascot, L.P., Prime Ascot Acquisition, LLC, and Prime Administration, LLC, who they claimed owned or managed that apartment complex. The Original Complaint's primary allegations involved pest control problems at Blue Rock. It also asserted claims related to allegedly improper late fees, early termination option fees, and deductions from security deposits paid by tenants at Blue Rock Village.

On or about November 20, 2020, Plaintiffs filed a First Amended Class Action Complaint (**"FAC"**) in Solano County Superior Court. The FAC added two new plaintiffs: Magee, who also leased an apartment at Blue Rock Village, and Eisman, who leased an apartment at Park La Brea. Of the four Plaintiffs in the FAC, three leased an apartment at Blue Rock and one leased an apartment at Park La Brea. The FAC named as Defendants, not only the owners/managers of the two apartment complexes where the Plaintiffs resided (Blue Rock Village and Park La Brea), but also twenty-nine separate legal entities that own or operate twenty-nine other apartment complexes throughout the state.

On December 17, 2020, Defendants removed the FAC to this district. Dkt. 1.

---

[1] Separately, the parties have also resolved, for $100,000, the individual habitability claims maintained by Plaintiffs Leaser and Wongsaroj, together, inclusive of attorneys' fees and costs in exchange for their dismissals with prejudice and releases of those claims.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

After various pleading challenges and related filings, on or about July 29, 2022, Plaintiffs filed a Second Amended Putative class action complaint in this Court against Defendants ("**SAC**") (Dkt. 37). The SAC did not name the twenty-nine separate legal entities that own or operate twenty-nine other apartment complexes throughout the state as defendants. *See* SAC, ¶¶ 14-17.

After various partially dispositive motions and related filings, on or about May 28, 2025, Plaintiffs filed a third amended putative class action complaint against Defendants ("**TAC**") (Dkt. 97).

Plaintiffs originally asserted claims on behalf of three putative classes: (1) the "Habitability Class," consisting of all persons who leased an apartment at Blue Rock Village who experienced "an infestation of vermin"; (2) the "Excessive Fees Class," consisting of all persons who leased an apartment who paid allegedly improper charges, including late fees and early termination option fees; and (3) the "Security Deposit Class," consisting of all persons who leased an apartment who did not receive a full refund of their security deposit and did not receive an itemized statement indicating the basis for the retained amounts. TAC, ¶ 73.

Plaintiffs assert four types of claims, individually, and on behalf of others similarly situated, arising out of their tenancies at Blue Rock Village and Park La Brea, managed or owned by a particular Defendant: (1) Plaintiffs Wongsaroj, Leaser, and Magee assert claims for breach of the warranty of habitability at Blue Rock Village (and other related claims) arising from alleged mouse infestation of their apartments; (2) for allegedly unlawful liquidated damages relating to a $75 late fee at Blue Rock Village and a different late fee at Park La Brea; (3) for allegedly unlawful liquidated damages when tenants decide to end their lease in the middle of the lease term and have selected an early termination fee option rather than to be liable for all damages incurred through the remainder of the lease term; and (4) for allegedly failing to comply with California's security deposit statute, California Civil Code section 1950.5.

Defendants deny any wrongdoing of any kind whatsoever. After a period of discovery and significant law and motion work, the parties engaged in arm's-length settlement negotiations for many months regarding the underlying claims and facts. The parties, in fact, attempted one mediation in March of 2021, but failed to resolve the case. After further law-and-motion,

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

including of all pleading challenges, the parties began settlement talks again. *See* Hejinian Decl. at ¶ 10 . These more recent discussions resulted in the settlement terms discussed below. *See* Hejinian Decl. at ¶ 13. Although Defendants have numerous defenses to the underlying allegations and the basis for certifying the class, in recognition of the risks of the litigation and the certain, significant costs of defending it, Defendants agreed to a settlement that would provide valuable benefits to the Settlement Class. *See* Hejinian Decl. at ¶ 26.

## II. THE PROPOSED SETTLEMENT.

### A. Defendants Will Establish A Late Fees Class Settlement Fund.

In settlement of Plaintiffs' and the class's claims, Defendants will create a non-reversionary settlement fund totaling $292,960.07 (the "Late Fees Class Settlement Fund"). Out of the Late Fees Class Settlement Fund, each Settlement Class Member will be paid the amount of any late fee exceeding $55.00 paid between May 9, 2014, and February 18, 2025, less $55.00. At no point will any of this fund revert back to Defendants. Rather, any unpaid funds remaining in the Late Fees Class Settlement Fund – e.g., from unnegotiated checks – shall be paid into the appropriate state or local government's unclaimed property funds in the name of the Settlement Class Member(s).

### B. The Plaintiff Class Secured Injunctive Relief That Caps Late Fees And Requires Defendants To Implement And Maintain Procedures To Prohibit Late Fees Soley On Unpaid Late Fees And To Comply With California Civil Code Section 1950.5.

Defendants will cap late fees, and limit late fee increases, at Blue Rock Village and Park La Brea as follows: For two (2) years following the date of the parties' settlement agreement, Defendants' late fee charge for any tenant of Blue Rock Village and Park La Brea who fails to pay the rent, or any portion of the rent in excess of $55.00, timely shall not exceed $55.00 per monthly charge. After two (2) years from the date of the parties' settlement agreement, Defendants' late fee charge for any tenant of Blue Rock Village and Park La Brea who fails to pay the rent timely may be increased, at Defendants' discretion, by no more than an amount equal to the preceding annual increase in the CPI as set forth by the U.S. Bureau of Labor Statistics in the month immediately preceding any such fee increase.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Defendants will also implement and/or maintain procedures to prohibit the assessment of late fees solely on unpaid late fees at Blue Rock Village and Park La Brea, and to comply with the requirements of California Civil Code section 1950.5 with respect to security deposits at the Blue Rock Village and Park La Brea.

**C. Class Representative Incentive Payment.**

The Settlement Agreement also allows Plaintiffs to submit an application to the Court for an Incentive Payment of up to $10,000 for each Class Representative Plaintiff. *See* Hejinian Decl., Exh. 1 at 12.

**D. Attorneys' Fees And Costs.**

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).[2] Pursuant to the Settlement Agreement and following the Court's preliminary approval of the Settlement Agreement, Class Counsel will submit an application to the Court for an award of attorneys' fees not to exceed $387,500 and litigation costs not to exceed $11,514.26 subject to the Court's approval. *See* Hejinian Decl., Exh. 1 at 11-12. In support of Class Counsel's preliminary request for approval of the aforementioned attorneys' fees and litigation costs, attached is initial declaration of Class Counsel Alex Tomasevic explaining the basis for the preliminary request for attorneys' fees and litigation costs, and Plaintiffs will file a more formal application at the time of formal approval. Declaration of Alex Tomasevic filed in support hereof (the "Tomasevic Decl.") ¶¶ 20-28. This amount was negotiated separately from, and only after the parties agreed upon the class relief discussed above. Tomasevic Decl. ¶ 20. Said differently, none of the requested fees or costs will reduce any of the class-wide recovery.

[2] Prime's standard lease agreements, furthermore, contained an attorneys' fee shifting provision, i.e. a clause awarding fees in connection with actions challenging or enforcing the terms of the lease, or regarding recovery of rent or charges due under the lease, and similar actions.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**E. Settlement Administration And Notice.**

Plaintiffs seek certification pursuant to Fed. R. Civ. P. 23. To help administer the settlement, including the provision of notice to the class, the parties propose engaging Angeion Group, LLC, an experienced and neutral third-party class action settlement administrator (the "Administrator"). Hejinian Decl. ¶ 20; *id*. at Exh. 1 at 10, 12-15, 17-19.

Notice to the Class will be achieved in two ways. First, Notice to the Class will be provided no later than thirty (30) days after the Court's order preliminarily approving the settlement via email and/or U.S. Mail using the last known contact information in Defendants' records for each Settlement Class Member. *See* Hejinian Decl., Exh. 1 at 10; Exh. 3 (Class Notice). Second, within twenty (20) days of execution of the Settlement Agreement, the Administrator will create a website regarding the settlement. The website will be updated to provide access to relevant documents and information related to the settlement, including a copy of the Class Notice and claims procedure. *See* Hejinian Decl., Exh. 1 at 11.

Class members will have forty-five (45) days from the date the Class Notice is mailed and published to seek exclusions from the Class or file objections to the proposed settlement. The Administrator will monitor and track those Class Members seeking exclusion or objecting to the proposed settlement and report to Defendants' Counsel and Class Counsel each Opt-Out within five (5) business days of receiving such Opt-Out. Class Counsel, Defendants' Counsel, and the Administrator selected these means of notice as the most effective means of reaching the proposed Class Members.

## ARGUMENT

### I. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT.

The proposed settlement is fair and reasonable. The settlement provides substantial benefits to the Settlement Class by enjoining Defendants from engaging in the conduct underlying Plaintiffs' allegations. The settlement accomplishes this while avoiding both the uncertainty and the delay which would be associated with further litigation. It represents a fair compromise of the parties' respective positions in the litigation, and enables each party to end the litigation and avoid

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

its costs and risks. Finally, the settlement was reached through arm's-length negotiations and Class Counsel supports the resulting settlement as fair and as providing reasonable relief to the members of the Class.

**A. The Applicable Legal Standard.**

A proposed settlement may be approved by the trial court if it is determined to be "fundamentally fair, adequate, and reasonable." *Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig)*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998)).

Given that the full fairness and analysis can only be assessed at the Final Approval Hearing, at the preliminary approval stage, the Court "need only review the parties' proposed settlement to determine whether it is within the permissible 'range of possible judicial approval' and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate." *Williams v. Costco Wholesale Corp.*, No. O2CV2003 IEG (AJB), 2010 WL 761122, at *5 (S.D. Cal. Mar. 4, 2010) (citing WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 11:25 (4th ed. 2002) (citations omitted); *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009); *Alberto v. GMRI, Inc*., 252 F.R.D. 652, 666 (E.D. Cal. 2008)).

Preliminary approval of a settlement and notice to the proposed class is appropriate: "[i]f [1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval…." *Williams*, 2010 WL 761122, at *5 (citing *Vasquez v. Coast Valley Roofing, Inc.*, 2009 WL 3857428, at *7 (E.D. Cal. Nov. 17, 2009) (citing *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007))). This settlement meets all of the above criteria.

**B. This Settlement Is The Product of Serious, Informed, And Arm's-Length Negotiations.**

Arm's-length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements. *M. Berenson Co. v. Faneuil Hall Marketplace*, 671 F. Supp. 819, 822

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

(D. Mass. 1987) ("where . . . a proposed class settlement has been reached after meaningful discovery, after arm's-length negotiation by capable counsel, it is presumptively fair.").

The parties' negotiations were adversarial and at arm's length. *See* Hejinian Decl. at ¶ 11; Tomasevic Decl. ¶ 18. Counsel for each party have considerable experience in class action litigation in general, and with the legal and factual issues of this case in particular. *See* Hejinian Decl. at ¶ 11; Tomasevic Decl. at ¶¶ 2-17. The parties engaged in formal discovery and exchanged relevant information. This sharing of information ensured sophisticated and meaningful settlement negotiations, which were conducted over several months and only after one previous and failed mediation. In short, the parties were fully informed of all relevant facts at the time a settlement was reached.

### C. The Settlement Has No "Obvious Deficiencies" And Falls Well Within The Range Of Possible Approval.

The settlement is fair, and treats class members fairly in light of the status of the litigation. All class members who were residents of Blue Rock Village and Park La Brea and paid at least one late fee exceeding $55.00 between May 9, 2014, and February 18, 2025, will receive a corresponding Benefit Payment and the benefit of the injunctive relief provided for in the settlement. This relief is fair in light of the significant hurdles faced by Plaintiffs and the class going forward, given the difficulties in: (a) proving that class certification is appropriate and maintaining certification through trial, decertification, and appeals, (b) proving the merits of all claims; and (c) proving damages. Defendants vigorously dispute that Plaintiffs would be able to certify any class or prove liability, as shown by Defendants' Motion for Partial Summary Judgment, the merits of which the Court did not reach. Dkts. 71-73 (Defendants' Motion for Partial Summary Judgment); Dkt. 96 (Order denying Defendants' Motion for Partial Summary Judgment without prejudice without reaching merits).

Even if Plaintiffs were able to certify any class and then prove class-wide liability, proof of damages would be difficult. Defendants contend that, as a matter of California law, the early termination option fees are not liquidated damages. Such fees are a method of alternative performance when a tenant decides, at her election, after entering into a lease to terminate it before

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

the end of the agreed upon lease term. And Defendants contend that none of the Plaintiffs paid any late fees or any early termination option fees in connection with their tenancy. And while Defendants acknowledge that Plaintiff Magee paid a late fee at Blue Rock Village, she signed a written release of claims that arguably released her claims here. Defendants further contend that the Plaintiff who paid a late fee at Park La Brea, Plaintiff Eisman, can pursue that claim on essentially only her own behalf because it is the subject of a substantially similar parallel state court action in which a class of Park La Brea tenants who paid late fees between September 13, 2014, through January 21, 2022, was already certified in the *Kim* case. Hejinian Decl. at ¶ 25, Exh. 5. Indeed, because of the *Kim* class action settlement in June 2022, only 470 Class Members from Park La Brea will receive $9,400.00 of the Late Fees Class Settlement Fund in total. Hejinian Decl. at ¶ 25.

After already negotiating all relief to the class, Defendants then also agreed to separately pay some of Plaintiffs' attorneys' fees, litigation costs and class representative compensation. *See* Hejinian Decl., Exh. 1 at 12; Tomasevic Decl. ¶ 18. This payment is not being made out of any common fund, will not reduce recovery to class members, and Plaintiffs' Counsel bear the responsibility for supporting the amounts they seek in their forthcoming Motion for attorneys' fees, costs, and incentive awards. *See* Tomasevic Decl. at ¶ 20; *see also id.* at ¶¶ 20-28. Given all of these factors, the settlement has no "obvious deficiencies," treats the class members fairly, and is well within the range of possible approval.

## II. PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.

For settlement purposes only, Plaintiffs now request, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that the Court provisionally certify the Settlement Class proposed below. Provisional class certification is appropriate in part because Defendants waive their challenges to class certification solely in the context of this Settlement.[3] *See* Cal. Prac. Guide *Fed. Civ. Pro.*

[3] Defendants' request for certification of a tentative settlement class "is conditional and without prejudice to [its] rights to later oppose class certification for trial purposes if the proposed
(footnote continued)

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

*Before Trial*, Ch. 10-C (noting that courts generally permit parties to stipulate that a defined class be conditionally certified for settlement purposes because it facilitates settlement); *see e.g. Alvarado Partners, L.P. v. Mehta,* 723 F. Supp. 540 (D.C. Colo. 1989) (holding that conditional class certification for settlement purposes may be ordered in appropriate cases to foster such benefits as early settlement and reduced attorneys' fees and costs).

Because the parties have reached agreement regarding class certification in the context of this Settlement, the Court may enter an order provisionally certifying the Class for settlement purposes, so notice of the proposed Settlement can issue, and Class Members will be informed of the existence and terms of the proposed settlement, of their right to be heard on its fairness, of their right to opt out, and of the date, time and place of the fairness hearing. *See Manual for Complex Litig.* at §§ 21.632, 21.633.

Plaintiffs seek certification of a Settlement Class defined as follows:

> [A]ll Persons who were a resident of Blue Rock Village or Park La Brea and paid at least one late fee exceeding $55.00 during the Class Period whose claims have not been extinguished, released, or waived prior to the Effective Date.

"Class Period" means the period of May 9, 2014, through February 18, 2025.

"Effective Date" is given the meaning in the Settlement Agreement. Hejinian Decl., Exh. 1 at 4 (Section 1.A.7).

**A. The Criteria For Class Certification Under Rule 23(a) Are Satisfied.**

To merit class certification under Rule 23(a), Plaintiffs must show that: (1) the class is so numerous that joinder is impracticable; (2) questions of law or fact are common to the class; (3) the claims of the representative Plaintiffs are typical of the claims of the class; and (4) the class representatives will fairly and adequately protect the interests of the class.

**1. Joinder Of All Members Is Impracticable.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ.

---

settlement is terminated or not finally approved." *Browning v. Yahoo! Inc.*, 2006 WL 3826714, 4 (N.D.Cal. Dec. 27, 2006).

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

P. 23(a)(1). Often, a large number of class members by itself establishes the impracticability of joining them as plaintiffs. *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982). Impracticability does not mean impossibility. *See, e.g., Immigrant Assistance Project of Los Angeles County Fed'n of Labor v. I.N.S.*, 306 F.3d 842, 869 (9th Cir. 2002) (noting that classes numbering 39, 64 and 71 met numerosity criterion).

"In general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). Here, there are 2,246 Class Members at Blue Rock Village and Park La Brea. Hejinian Decl. at ¶ 14. Joinder of such current and former tenants is impractical, if not entirely impossible, meeting the numerosity requirement.

**2. Common Issues Of Law And Fact Exist.**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Even a single common question" will satisfy the commonality requirement. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) ; *see Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (construing Rule 23(a)(2) requirements "permissively").

Commonality is satisfied where, as here, plaintiffs are "challeng[ing] a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *see also* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1763, at 226 (3d ed. 2005) ("[C]lass suits for injunctive or declaratory relief by their very nature often present common questions satisfying Rule 23(a)(2)."). Indeed, here, "the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable." *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975). Plaintiffs allege that Defendants breached standardized form leases in the same manner with respect to Plaintiffs and the other members of the proposed class. Plaintiffs also allege that class members were improperly charged late fees and early termination option fees, and that Defendants did not comply with California's Security Deposit statutes or regulations. TAC ¶ 73. The Class meets the commonality element "[b]ecause these claims arise from a standard course of conduct

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

adversely affecting a group of individuals[.]" *Zepeda v. Paypal, Inc.*, No. C 10-1668 SBA, 2015 WL 6746913, at *6 (N.D. Cal. Nov. 5, 2015) (citing *In re First Alliance Mortg. Co.*, 471 F.3d 977, 990-91 (9th Cir. 2006)); *see also McClure v. State Farm Life Ins. Co.*, 341 F.R.D. 242, 250 (D. Ariz. 2022) ("Here, Plaintiff has satisfied the commonality requirement because each claim is based on a form contract and a uniform course of conduct towards each policyholder by State Farm."). Indeed, "[c]ourts routinely certify class actions involving breaches of form contracts." *In re Med. Cap. Sec. Litig.*, No. SACV-09-1048 DOC, 2011 WL 5067208, at *3 (C.D. Cal. July 26, 2011) (collecting cases).

**3. The Named Plaintiff's Claims Are Typical Of Class Claims.**

Rule 23(a)(3) requires "the claims and defenses of the representative parties [to be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (citation omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (citation omitted). "Thus, typicality refers to the nature of the claim . . . and not to the specific facts from which it arose or the relief sought." *Id.* (citation omitted). "[T]he commonality and typicality requirements of Rule 23(a) tend to merge," as both consider "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart Stores, Inc.*, 564 U.S. at 350 n.5.

Where the class representatives' interests align with the interests of the Class, then the pursuit of the class representative's individual interests necessarily advances those interests of the Class. "[A] named plaintiff's claim is typical if it stems from the same event, practice or course of conduct . . . and is based upon the same legal or remedial theory." *Jordan*, 669 F.2d at 1321.

Here, Plaintiffs' claims and those of the proposed Class arise out of the same allegedly unlawful conduct by Defendants, i.e. management policies and practices at their apartments including the charging of excessive late fees and early termination option fees, and the failure to

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

satisfy security deposit regulations. TAC ¶ 1. While Plaintiffs may have been affected by the alleged practices differently from other Class Members, it is not necessary that Plaintiffs' injuries be identical to all Class Members, "only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same injurious course of conduct." *Armstrong*, 275 F.3d at 869. Plaintiffs submit their claims are typical of the Class's claims, meeting this element.

**4. The Named Plaintiffs And Their Counsel Adequately Represent The Proposed Class.**

Under Rule 23(a)(4), the Court must be satisfied that the named plaintiffs "will fairly and adequately protect the interests of the class" Fed. R. Civ. P. 23(a)(4). This requires considering two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (citation omitted). The adequacy of representation requirement tends to merge with the commonality and typicality requirement. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

Because Plaintiffs and Class members have been allegedly injured in the same manner and seek relief for the same claims their interests are coextensive. Plaintiffs' agreement to serve as class representatives – as well as their active participation in this litigation – demonstrates their commitment to the Class as a whole. Indeed, there is no conflict between Plaintiffs and the absent class members. The Plaintiffs are part of the class or classes they seek to represent and share an interest and injury with the respective class. *Evon*, 688 F.3d at 1031.

Class Counsel are similarly adequate to represent the Class. Plaintiffs' Counsel are qualified and experienced in certifying, litigating, trying, settling, and administering nationwide class actions similar to this case. Tomasevic Decl., ¶¶ 2-17. Plaintiffs and Class Counsel readily satisfy the requirements of Rule 23(a)(4).

**B. The Proposed Settlement Class Meets The Requirements Of Rule 23(b)(3).**

This action is well-suited for certification under Rule 23(b)(3). Rule 23(b)(3) provides for

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation omitted). "[M]ore important questions apt to drive the resolution of the litigation are given more weight in the predominance analysis over individualized questions which are of considerably less significance to the claims of the class." *Ruiz Torres*, 835 F.3d at 1134. Fundamentally, "[i]t is an assessment of whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* (quotations and citation omitted).

Here, Plaintiffs allege that common questions of law and fact exist as to all members of the class and that these common questions predominate over any questions solely affecting individual class members. TAC ¶ 79. Specifically, Plaintiffs allege the following questions of law and fact common to the class: (1) whether Defendants' late fees were improper and exorbitant liquidated damages; (2) whether Defendants' early termination option fees are legal; (3) whether Defendants have a policy or practice of charging tenants for rent for any period beyond 30 days after providing Defendants notice of intent to vacate; (4) whether Defendants complied with California's security deposit statutes; and (5) whether such policies and practices violate the UCL as unfair or unlawful practices. TAC ¶ 79.

These issues turn on Defendants' uniform policies, standardized lease provisions, and common course of conduct, and they are susceptible to common proof. Plaintiffs allege that Defendants acted uniformly towards Class Members by utilizing standardized form leases and have uniformly breached those leases in the same manner with respect to Plaintiffs and the other

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

members of the Class. The Settlement agreed upon also provides for injunctive relief that remedies the alleged conduct underlying Plaintiffs' claims. Because Plaintiffs complain primarily of Defendants' alleged practice of charging excessive fees and penalty, injunctive relief would be necessary and appropriate were Plaintiffs to succeed on the merits. *Id.*

Plaintiffs further allege that a class action is the superior method for adjudication and that joinder of all members is impracticable. TAC ¶ 80. The damages suffered by individual members may be relatively small, and the expense and burden of individual litigation make it impossible for members of the classes to individually redress the alleged wrongs. TAC ¶ 80. Given the difficulty of proving individualized damages, significant individual recoveries are unlikely, reinforcing that class adjudication is the superior and most efficient mechanism for resolving these claims.

## III. THE PROPOSED CLASS NOTICE SATISFIES THE REQUIREMENTS OF DUE PROCESS.

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Complex Litig.* at § 21.312.

### A. The Method Of Notice Proposed Is Appropriate.

The method proposed for providing notice to Class Members is "reasonable" and should be approved. The parties have also agreed to notify Class Members of the settlement in two ways.

First, the Class Notice will be sent via email and/or U.S. Mail using the last known contact information in Defendants' records for each Settlement Class Member. The Class Notice will also be published on Defendants' website. The Notice will be provided to Class Members so that they have sufficient time to decide whether to participate in the Settlement, object, or opt out. *See* Hejinian Decl. at ¶ 21; Exh. 3 (Class Notice).

### B. The Contents Of The Proposed Notice Are Adequate.

The contents of the notice to Class Members "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

2009). According to the *Manual for Complex Litigation* at § 21.312, a settlement notice should:

- Define the class;
- Describe clearly the options open to the class members and the deadlines for taking action;
- Describe the essential terms of the proposed settlement;
- Disclose any special benefits provided to the class representatives;
- Describe the procedures for allocating and distributing settlement funds;
- Provide information that will enable class members to calculate or at least estimate their individual recoveries;
- Provide information regarding attorneys' fees;
- Indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement;
- Prominently display the address and phone number of class counsel and the procedure for making inquiries.

Here, the proposed form of Notice satisfies these criteria: it defines the Class, describes in detail the terms of the Settlement, and prominently lists the names of Class Counsel and their contact information. *See* Hejinian Decl., Exh. 3 (Proposed Form of Notice). Importantly, for each Class Member, it provides the estimated amount of recovery tailored specifically for that person. It also provides the amount of attorneys' fees and costs the Court will have preliminary concluded to award to Class Counsel. In addition, the notice clearly and in plain language notifies the Class that if they stay in the Settlement Class, they will agree to release specified claims regarding their tenancy at Blue Rock Village or Park La Brea between May 9, 2014, and February 18, 2025, including, but not limited to, claims for money damages or monetary relief.

## IV. SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE.

The last step in the Settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make the Settlement evaluation. Proponents of the Settlement may explain the terms and conditions of the Settlement, and offer argument in support of final approval. In addition, Settlement Class Members, or their counsel, may be heard in support of or in opposition to the Settlement Agreement. The Court will

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

determine after the final approval hearing whether the Settlement should be approved, and whether to enter a final order and judgment under Rule 23(e). Plaintiffs request that the Court set a date for the final fairness hearing on or about April 16, 2026, which is approximately 120 days from entry of the Preliminary Approval Order.

## CONCLUSION

For all of the foregoing reasons, the parties respectfully request that the Court grant preliminary approval to the proposed settlement, provisionally certify the proposed settlement class, appoint as "Class Counsel" Nicholas & Tomasevic, LLP, approve the proposed notice plan, and schedule a formal fairness hearing on final settlement approval on or about April 16, 2026, approximately 120 days from entry of the Preliminary Approval Order.

DATED: November 24, 2025 NICHOLAS & TOMASEVIC, LLP

By: */s/ Alex Tomasevic*
ALEX TOMASEVIC
Attorneys for Plaintiffs
NICHA LEASER, ATCHARA WONGSAROJ, KATINA MAGEE and JOYCE EISMAN

DATED: November 24, 2025 COBLENTZ PATCH DUFFY & BASS LLP

By: */s/ Mark L. Hejinian*
MARK L. HEJINIAN
Attorneys for Defendants
PRIME ASCOT, L.P.; PRIME ASCOT ACQUISITION, LLC; PRIME/PARK LABREA TITLEHOLDER, LLC; PRIME ADMINISTRATION, LLC