RICHARD R. PATCH (State Bar No. 88049)
MARK L. HEJINIAN (State Bar No. 281417)
DANIEL M. BRUGGEBREW (State Bar No. 307037)
EVAN CAMPBELL (State Bar No. 342223)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California  94104-5500
Telephone: 415.391.4800
Facsimile:  415.989.1663
Email:      ef-rrp@cpdb.com
            ef-mlh@cpdb.com
            ef-dmb@cpdb.com
            ef-egc@cpdb.com

Attorneys for Defendants
PRIME ASCOT, L.P.; PRIME ASCOT
ACQUISITION, LLC; PRIME/PARK LABREA
TITLEHOLDER, LLC; and
PRIME ADMINISTRATION, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NICHA LEASER, ATCHARA WONGSAROJ, KATINA MAGEE, and JOYCE EISMAN, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRIME ASCOT, L.P., a California limited partnership; PRIME ASCOT ACQUISITION, LLC, a Delaware limited liability company; PRIME/PARK LABREA TITLEHOLDER, LLC, a Delaware limited liability company (originally sued as Doe 1); PRIME ADMINISTRATION, LLC, a Delaware  limited liability company; and Does 31 through 50, inclusive,<br><br>Defendants. | Case No. 2:20-CV-02502-DJC-AC<br><br>**ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>District Judge Daniel J. Calabretta<br>Courtroom 10, 13th Floor<br><br>Trial Date: not set |

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

WHEREAS, Plaintiffs Nicha Leaser, Atchara Wongsaroj, Katina Magee, and Joyce Eisman (each a "Class Representative Plaintiff," and collectively, "Class Representative Plaintiffs"), on behalf of themselves and others similarly situated, and Defendants Prime Ascot, L.P., a California limited partnership; Prime Ascot Acquisition, LLC, a Delaware limited liability company; Prime/Park LaBrea Titleholder, LLC, a Delaware limited liability company; Prime Administration, LLC, a Delaware limited liability company (collectively "Defendants" or "Prime"), all acting by and through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle their claims in this litigation as they relate to Prime upon the terms as set forth in the Settlement Agreement;

WHEREAS, this Court has reviewed and considered the Settlement Agreement, entered into among the Class Representative Plaintiffs and Prime (the "Agreement"), a copy of which is attached hereto as **Attachment 1**, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel; and

NOW, THEREFORE, based upon the files, records, and proceedings herein, and it appearing to the Court that a hearing should be held on notice to the Settlement Class of the proposed settlement to determine finally if the terms of the settlement are fair, reasonable, and adequate;

**IT IS HEREBY ORDERED THAT:**

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The Court preliminarily finds that the proposed settlement set forth in the Agreement is fair and adequate and approves the proposed $55.00 monthly late fee charge as reasonable under the circumstances presented. On that basis, the proposed settlement set forth in the Agreement is hereby preliminarily approved as being within the range of reasonableness such that notice thereof should be given to members of the Settlement Class.

3. The following Settlement Class is conditionally and preliminarily certified for settlement purposes only:

> All Persons who were a resident of Blue Rock Village or Park La Brea and paid at least one late fee exceeding $55.00 during the period of May 9, 2014, through February 18, 2025, whose claims have not been extinguished, released, or waived prior to the Effective Date.

4. Plaintiffs Nicha Leaser, Atchara Wongsaroj, Katina Magee, and Joyce Eisman are hereby found to be adequate and are therefore appointed as representatives of the Settlement Class.

5. The following counsel are hereby found to be adequate and are therefore appointed as class counsel for the Settlement Class ("Class Counsel"):

> **NICHOLAS & TOMASEVIC, LLP**
> Craig M. Nicholas
> Alex Tomasevic
> Jordan Belcastro
> 225 Broadway, 19th Floor
> San Diego, California 92101
> Tel: (619) 325-0492
> Fax: (619) 325-0496
> Email: cnicholas@nicholaslaw.org
> Email: atomasevic@nicholaslaw.org
> Email: jbelcastro@nicholaslaw.org

6. If final approval of the settlement is not obtained, this certification order, including the above description of the Settlement Class and appointment of the Class Representative Plaintiffs and Class Counsel, shall be vacated and this Action shall proceed as though the certification and appointments never occurred.

7. Pending final determination of whether the settlement should be approved, neither the Class Representative Plaintiffs nor any member of the Settlement Class, whether directly, indirectly, individually, representatively, or in any other capacity, shall commence or prosecute any action or proceeding of any nature whatsoever asserting any of the claims herein against Prime.

8. The Class Action Settlement Notice ("Class Notice"), which is attached as **Exhibit C** to the Agreement, is hereby approved as to form. Prime shall cause the Class Notice (which shall be substantially identical to the form of **Exhibit C** to the Agreement) to be disseminated by the Settlement Administrator who shall send the Class Notice via email and/or U.S. mail to

Prime's current and former residents who are within the Settlement Class no later than thirty (30) days after the date of this Order.

9. Tracking and reporting of Persons eligible to be Settlement Class Members who request a valid and timely exclusion from the Settlement Class that fully complies with the provisions of the Class Notices and Paragraph 17 of this Order (the "Opt Outs") shall be compiled by the Settlement Administrator and reported to Prime, Class Counsel and the Court. Prime shall pay all costs associated with such tracking and reporting of Opt Outs.

10. Prime shall pay all costs associated with settlement administration including preparing and disseminating the Class Notices.

11. Prime shall provide and bear the cost of notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(a).

12. Prime is directed to file with the Court and serve upon Class Counsel, no later than _____, 2026, a declaration by the Settlement Administrator confirming that dissemination of the Class Notices has taken place in accordance with this Order.

13. The Court finds that the dissemination of the Class Notices under the terms and in the format provided for in the Agreement and this Order constitutes the best notice practicable under the circumstances, that it is due and sufficient notice for all purposes to all persons entitled to such notice, and that it fully satisfies the requirements of due process and all other applicable laws.

14. Class Counsel will file a separate motion or application for an award of attorneys' fees and costs and for incentive payments to the Class Representatives ("fee application"). Subject to review and determination of that motion, however, the Court, based upon the Declaration of Alex Tomasevic setting forth Class Counsel's negotiated fee award, calculation of the lodestar, and hourly rates, finds it has sufficient basis to preliminary conclude that Class Counsels' anticipated request for $387,500 in fees to be paid separate from the relief to the class, and $11,514.26 in separate costs, is preliminarily fair and reasonable under the circumstances and supports preliminary approval here. Likewise, based upon the Declaration of Alex Tomasevic setting forth the Class Representative Plaintiffs' contributions in this litigation, the anticipated

1  request for $10,000 to each Class Representative Plaintiff as an incentive payment is within the

2  range of reasonable incentive payments worthy of preliminary approval at this stage, subject to

3  further review by the Court at or around the final approval stage or fairness hearing.

4       15.    A hearing (the "Fairness Hearing") shall be held on _____, at \_\_:\_\_ \_.m., in

5  Courtroom 10, before the Honorable Judge Daniel J. Calabretta, Robert T. Matsui United States

6  Courthouse, 501 I Street, Sacramento, CA 95814 to determine whether the proposed settlement of

7  this Action as to Prime should be finally approved as fair, reasonable, and adequate and whether

8  the Final Judgment approving the settlement, awarding attorneys' fees and costs to Class Counsel,

9  awarding incentive payments to the Class Representative Plaintiffs, and dismissing certain claims

10 asserted in the litigation on the merits and with prejudice should be entered.  The Fairness Hearing

11 may be postponed, adjourned, or rescheduled by order of the Court without further notice to the

12 members of the Settlement Class.

13      16.    Objections by any Settlement Class Member to the Agreement shall be heard and

14 any papers submitted in support of said objections shall be considered by the Court at the Fairness

15 Hearing only if, by _____, 2026, such objector (1) files with the Clerk of the United States

16 District Court, Eastern District of California:  (i) his, her, or its objection and a statement of the

17 basis for such objection, including the objector's full name, current address, and telephone

18 number; (ii) if applicable, a Notice of Intention to Appear at the Fairness Hearing; and

19 (iii) documentary proof that he, she, or it is a member of the Settlement Class, and (2) serves

20 copies of the foregoing and all other papers in support of such objections (including any briefs or

21 declarations) on counsel for the parties identified in the Class Notices.  In addition, any Settlement

22 Class Member objecting to the Agreement shall provide a detailed list of any other objections

23 submitted by the objector, or the objector's separate counsel, to any class action settlements

24 submitted in any court in the United States, whether state, federal or otherwise, in the previous

25 five years.  A Settlement Class Member need not appear at the Fairness Hearing in order for his,

26 her, or its objection to be considered.

27      17.    The filing of an objection allows Class Counsel or Defendant's Counsel to notice

28 such objecting Settlement Class Member for and take his, her, or its deposition consistent with the

1  Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary
2  evidence or other tangible things that are relevant to the objection.  Failure by an objecting
3  Settlement Class Member to make himself, herself, or itself available for a deposition or to comply
4  with expedited discovery requests may result in the Court striking the Settlement Class Member's
5  objection and otherwise denying that Settlement Class Member the opportunity to make an
6  objection or be further heard.  The Court reserves the right to tax the costs of any such discovery
7  to the objecting Settlement Class Member or the objecting Settlement Class Member's separate
8  counsel should the Court determine that the objection is frivolous or is made for an improper
9  purpose.

10       18.     Any Settlement Class Member shall have the right to opt-out of the class and the
11  settlement.  To be effective, all requests for exclusion from the Settlement Class must:  (1) be in
12  writing, (2) fully comply with the provisions of the Class Notices, and (3) be sent to the mailing
13  address identified in the Class Notice, post-marked by _____, 2026.  Any Settlement Class
14  Member who does not submit a timely and valid request for exclusion from the Settlement Class
15  that fully complies with the provisions of this Paragraph 18 shall be subject to and bound by the
16  Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

17       19.     Counsel for the parties shall file memoranda, declarations, or other statements and
18  materials in support of final approval of the Agreement no later than _____, 2026.

19       20.     Counsel for the parties may file any reply papers in support of final approval of the
20  Agreement and in response to any objections from Settlement Class Members by
21  _____, 2026.

22       21.     Class Counsel shall file memoranda, declarations, or other statements and materials
23  in support of a final award of attorneys' fees, litigation costs, and Class Representative incentive
24  payments at least 14 days before the class member objection and opt out deadlines listed above.
25  The Court will determine the final and appropriate award of fees, costs, and incentive payments at
26  or in connection with the Fairness Hearing.

27       22.     The settlement on the terms and conditions of the Agreement filed concurrently
28  with the parties' joint motion for preliminary approval is hereby preliminarily approved, but is not

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

to be deemed an admission of liability or fault by Prime or by any other party or person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Prime. The settlement is not a concession and shall not be used as an admission of any fault or omission by Prime or any other party or person.

23. Any Settlement Class Member may enter an appearance in the Action individually or through the counsel of their choice at their own expense. Other than (a) Settlement Class Members who enter an appearance and (b) Opt-Outs, the Class will be represented by Class Counsel.

24. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

**IT IS SO ORDERED.**

DATED: _____

_____
The Hon. Daniel J. Calabretta
United States District Judge

**ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

# ATTACHMENT 1

[Fully-Executed Settlement Agreement]

Case No. 2:20-CV-02502-DJC-AC
**ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**